UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN HARVEY | * | CIVIL ACTION NO.  12-1187 |
| | * | |
| VERSUS | * | SECTION "F" (FELDMAN) |
| | * | |
| LEON A. CANNIZZARO, JR. | * | MAGISTRATE 3 (KNOWLES) |

## MEMORANDUM IN OPPOSITION TO
## MOTION FOR PRELIMINARY INJUNCTION

MAY IT PLEASE THE COURT:

LEON A. CANNIZZARO, JR. ("District Attorney"), through undersigned counsel, opposes the Motion for Preliminary Injunction filed by John Harvey ("Harvey").

Harvey seeks to enjoin the District Attorney "from prosecuting Petitioner on the current bill of information brought under the aegis of La. R.S. 16:15 as amended in 2003...".   However, Harvey is not being prosecuted under La. R.S. 16:15, but under La. R.S. 14:71 which prohibits the issuance of worthless checks.  The word "aegis" means the protection, backing, or support of someone or something.  Issuing worthless checks as defined by La. R.S. 14:71 is not a crime because it is protected by, backed by, or supported by La. R.S. 16:15; it is a crime because the Louisiana Legislature has defined it as a crime.

Harvey contends that if a civil statute, namely La. R.S.16:15, is somehow unconstitutional, he cannot be prosecuted for violating a criminal statute, namely La. R.S. 14:71. These two different statutes are not interchangeable.

A preliminary discussion of the differences between La. R.S. 16:15 and R.S. 14:71 can put the Motion for Preliminary Injunction in perspective.

La. R.S. 16:15 provides that a district attorney "may" collect a fee when that district attorney's office "collects and processes" a check (or draft, or order for the payment of money) if that check "has been issued in a manner which makes the issuance an offense under R.S. 14:71." The fee is set by the legislature, **not** the District Attorney. La. R.S. 16:15 is clearly a mechanism to assist individuals and businesses collect payment when they have been give an NSF draft.

La. R.S. 14:71 defines the offense of issuing worthless checks, and includes these penalty provisions:

> (C) Whoever commits the crime of issuing worthless checks, when the amount of the check or checks is one thousand five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
>
> * * *
>
> (G) In addition to any other fine or penalty imposed under this Section, the court shall order as part of the sentence restitution in the amount of the check or checks....

-2-

When a criminal defendant is ordered to pay restitution, the "collect[ing] and process[ing]" of the money owed is through the court, and not through the district attorney's office. *See* La. C.Cr.P. 886 ("Collection of the judgment [of restitution] may be enforced in either criminal or civil court, or both, in the same manner as a money judgment in a civil case.").

R.S. 16:15 constitutes no part of the sentencing provisions of R.S. 14:71. Thus, the fee under R.S. 16:15, which applies when the collecting and processing is done by the district attorney, does not apply when a defendant is convicted and ordered to pay restitution as part of sentencing.

Harvey was offered a plea bargain which does not involve pleading guilty to anything. The terms are set by R.S. 16:15. But La. R.S. 16:15 has not in any meaningful way been "applied" to Mr. Harvey.

Apparently, the defendant finds the terms of the plea bargain offered to him to be unfavorable, and rather than simply reject the offer, he now cries "bounty" and asserts that he has a right to be free from prosecution. But Mr. Harvey's conclusion does not follow from his premise. The constitution is not violated because the defendant is offered, and refuses to accept, a plea agreement that he finds disagreeable. *See Bordenkircher v. Hayes*, 434 U.S. 357, 362-365 (1978). Harvey may very well feel that asking him if he will accept penalties that total $300,000 in total for the numerous

-3-

insufficient fund checks he issued violates the constitution somehow, however it is unquestionable that a District Attorney is permitted to offer all forms of plea agreements, even permitting a defendant to agree to a life sentence in prison rather than subject himself to a trial on a capital offense.

## (A) YOUNGER ABSTENTION IS APPROPRIATE

Under the *Younger*[1] abstention doctrine, a federal court should not interfere with ongoing state criminal proceedings, except under extraordinary circumstances not shown here. Abstention is required under the *Younger* doctrine when: (1) state proceedings, judicial in nature, are pending, (2) the state proceedings involve important state interests, and (3) the state proceedings afford adequate opportunity to raise the constitutional challenges.

Clearly, Harvey seeks a federal court to enjoin a pending state criminal statute. The first prong of the *Younger* doctrine is present.

As to the second prong, "States certainly have the right to punish economic crime involving debts. The procedural aspect of this issue is equally complex; although the Bankruptcy and Supremacy Clauses vest the Bankruptcy Code with a primacy over state law, it is beyond dispute that considerations of comity and equity

---

[1] *Younger v. Harris*, 401 U.S. 37, 49–52 (1971); see also *Louisiana Deb. and Lit. Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489–1490 (5th Cir.), cert. denied, 515 U.S. 1145, 115 S.Ct. 2583, 132 L.Ed.2d 832 (1995).

militate against lightly enjoining a state criminal prosecution." *In re Fussell*, 928 F.2d 712, (5th Cir 4/17/91), citing *Kugler v. Helfant*, 421 U.S. 117, 123, 95 S.Ct. 1524, 1530, 44 L.Ed.2d 15 (1975); *Younger*, 401 U.S. at 42–43, 91 S.Ct. at 749–750; *Perez v. Ledesma*, 401 U.S. 82, 84–85, 91 S.Ct. 674, 676–677, 27 L.Ed.2d 701 (1971).

The State as sovereign has a legitimate and compelling interest in prosecuting lawbreakers. *Cf., e.g., Spielman Motor Sales Co. v. Dodge*, 295 U.S. 89, 95 (1935) ("The [District Attorney] is charged with the duty of enforcing the statute by prosecuting those who disobey it, and in performing that duty he acts not merely in the local interest, but in the name of the people of the state in compelling observance of its laws. In that enforcement, he is acting in a true sense as an officer of the state.").

As to the third prong of the *Younger* abstention doctrine, the state proceedings afford adequate opportunity to raise the constitutional challenges.   La C. Cr. P. art. 680 provides for a mechanism to recuse a district attorney, specifically if it is alleged that  the District Attorney has a personal interest in the case as Harvey suggests. Article 680 provides that a  district attorney shall be recused when he: (1) Has a personal interest in the cause or grand jury proceeding which is in conflict with fair and impartial administration of justice...

Harvey did not seek to recuse the District Attorney, rather he filed a Motion to Quash the Bill of Information arguing in his motion to quash filed in the trial court only two theories: that (i) R.S. 16:15 "is clearly a scheme which creates an impermissible risk of bias in the Act's enforcement and administration in violation of due process", and (ii) the 2003 amendment to R.S. 16:15 "shocks the conscience." He did not allege that there was a personal animus against him on the part of the district attorney or of the attorney who signed the bill of information.

Because a motion to quash "shall specify distinctly the grounds on which it is based" and "[t]he court shall hear no objection based on grounds not stated in the motion," the Louisiana Courts did not consider any other ground. La.C.Cr.P. art. 536.

However, in his Memorandum in Support (page 5) Harvey argues that the Bill of information "is unconstitutional" because it was brought by a biased prosecutor acting in bad faith.  It is difficult to understand how a bill of information can be unconstitutional. Harvey does not argue that the underlying criminal statute is unconstitutional.  He does now raise for the first time that the prosecutor who issued the bill of information is biased.  However, as the Louisiana Fourth Circuit stated "[i]n that there is no indication that the State will be collecting any fees in this case pursuant to La R.S. 16:15... [l]ikewise as the State will not be collecting any La. R.S. 16:15 fees, at this juncture of the case, there is no basis for the defendants motion to

-6-

quash the bill of information." (Writ Opinion, Exhibit A)  **(B) THE CASES CITED BY HARVEY**

The cases cited by Harvey are vastly different from this case.  In *Tumey v. Ohio* the Supreme Court stated that "he [Tumey] had the right to have an impartial judge. He seasonably raised the objection, and was entitled to halt the trial because of the disqualification of the judge, which existed both because of his direct pecuniary interest in the outcome, and because of his official motive to convict and to graduate the fine to help the financial needs of the village." *Tumey v. State of Ohio*, 273 U.S. 510, 534, 47 S.Ct. 437 (1927). Likewise in the case of *Ward v. Village of Monroeville*, 409 U.S. 57, 93 S.Ct. 80 (972), the judge was the Mayor whose office received the fines.

In Harvey's case, he seeks to enjoin a prosecution under La RS. 14:71.  The District Attorney is not the judge, and the District Attorney has no direct pecuniary interest in the outcome of the case.  Being prosecuted and convicted under La RS. 14:71 does not impose any fee provided for in La. R.S. 16:15.  Harvey is not attempting to enjoin any actions that could be taken pursuant to La. R.S. 16:15. Because Harvey decided not to avail himself of any offer made by the District Attorney,  La. 16:15 does not have any application to this case.

In the case of *Marshall v. Jerrico, Inc.*, 446 U.S. 238 (1980), cited by Harvey,

-7-

the Supreme Court considered recoupment of enforcement costs by a regulatory agency from civil penalties imposed for violations of child labor laws. The theory offered by the defendant in that case, and accepted by the lower court, was that the regional administrator would "be inclined to maximize the total expenditures on enforcement of the child labor provisions of the Act," which "would result in an increase in the number and amount of penalties assessed." 446 U.S. at 250. The Supreme Court found no due process violation because:

> No governmental official stands to profit economically from vigorous enforcement of the child labor provisions of the Act. The salary of the assistant regional administrator is fixed by law. 5 U. S. C. § 5332 (1976 ed. and Supp. III). The pressures relied on in such cases as Tumey v. Ohio, [273 U.S. 510 (1927)]; Gibson v. Berryhill, 411 U. S. 564, 579 (1973); and Connally v. Georgia, 429 U. S. 245, 250 (1977) (per curiam), are entirely absent here.

> Nor is there a realistic possibility that the assistant regional administrator's judgment will be distorted by the prospect of institutional gain as a result of zealous enforcement efforts. As we have noted, the civil penalties collected under § 16 (e) represent substantially less than 1% of the budget of the ESA.446 U.S. at 250.

The salary of the district attorney is also fixed by law, *see* R.S. 16:71(B), and the district attorney does not stand to profit economically from enforcement of the worthless checks laws: R.S. 16:15(E) specifically provides that "[e]xpenditures from

[the worthless check collection fee] fund shall be at the sole discretion of the district attorney and may be used only to defray the salaries and expenses of the office of the district attorney, *but in no event may the district attorney supplement his or her own salary from this fund.*" As in *Marshall*, no government official stands to profit personally from the law.

Also, notably in *Marshall*, the Court noted that "ESA in turn caries out its responsibilities through regional offices, and the assistant regional administrator of each office has been charged with the duty of determining violations and assessing penalties." *Marshall @ 240.* In other words, the ESA itself determines if a violation occurred and the actual amount of penalty. In the case of Mr. Harvey, the District Attorney neither determines guilt nor assesses any penalty.

In the case of *Young v. United States*, 481 U.S. 787 (1987), the District Court issued a permanent injunction prohibiting infringement of a manufacturers trademark. After issuing the injunction, the District Court appointed its own special prosecutor to undertake a criminal contempt prosecution for alleged violation of that Court's injunction order. The Supreme Court concluded that Counsel for the party that is the beneficiary of a court order, in this case the Manufacturer's attorneys may not be appointed to undertake criminal prosecution for alleged violations of that order. In the case of Mr. Harvey, the District Attorney is not the beneficiary of La. R.S. 14:71

-9-

or any criminal statute for that matter.   If Mr. Harvey is convicted, the District Attorney receives nothing under either La. R.S.14:71 or La. R.S16:15.

Reading Harvey's Memorandum, it is clear that his attack is upon La. R.S. 16:15, however his injunction is not directed to that statute.   Ultimately, Harvey states that "the bill of information charging Petitioner with a violation of the worthless check statute is unconstitutional because (a) it was brought under the aegis of the unconstitutional 2003 amendment to 14:71;(b) the prosecutor was biased by the pecuniary benefits flowing from 14:71; (c) the prosecutor was in bad faith because of the pecuniary benefits flowing from 14:71; and (d) it was not brought by a disinterested prosecutor.   If Harvey's contentions were true, and they are not, he could have sought to have the District Attorney recused.  He did not.

## (C) CONSTITUTIONAL ATTACK ON LA RS 16:15

Although there may be a time and place to determine if La. R.S. is unconstitutional, the enjoining of a criminal prosecution under La. 14:71 is not the proper vehicle.   However, Harvey's arguments are telling in this regard. He argues "[a]nd it is not just the manner of collecting the bounty which rankles due process, it is the outrageous amount of $300,000 involved in this case which triggers burglar alarms." (Page 6 of Memorandum in Support).

The ratio of the moneys actually collected by the district attorney's office under R.S. 16:15 to the total expenditures of the district attorney's office (as reflected by the Legislative Auditor's office and available online) is quite low[2]:

| Year | Moneys collected under R.S. 16:15 | Total expenditures of DA's Office | Percentages |
|---|---|---|---|
| 2005 | $153,358 | $7,004,124 | 2.19% |
| 2006 | $26,329 | $5,820,309 | 0.45% |
| 2007 | $51,798 | $8,560,587 | 0.61% |
| 2008 | $53,337 | $12,311,145 | 0.43% |
| 2009 | $43,932 | $14,378,364 | 0.31% |
| 2010 | $53,761 | $14,489,078 | 0.37% |

---

[2]The data can be found online as follows:

**2005.**
http://app1.lla.state.la.us/PublicReports.nsf/5CB383F603FA55538625732B00569589/$FILE/000013F6.pdf (page 10).

**2006.**
http://app1.lla.state.la.us/PublicReports.nsf/75FCC327164D7640862573B50056C311/$FILE/00003773.pdf  (page 10)

**2007.**
http://app1.lla.state.la.us/PublicReports.nsf/74B863C17BA0155A8625749C0064D3AC/$FILE/000035EE.pdf (pages 11, 13, 22)

**2008&2009.**
http://app1.lla.state.la.us/PublicReports.nsf/21F55C92036899B98625777C0044A29A/$FILE/00018537.pdf (pages 13,16,19)

**2010**
http://app1.lla.state.la.us/PublicReports.nsf/453A58CD91520800862578D200632C30/$FILE/00020EC7.pdf (pages 13, 16, 19)

Harvey suggests that never found guilty of this or any crime, he has to pay one hundred times more [than the maximum fine allowed by law] to buy a non-prosecution or nolle prosequi." This is not correct. Harvey does not *have* to do anything. The premise behind plea bargaining is " 'the mutuality of advantage' to defendants and prosecutors, each with his own reasons for wanting to avoid trial." *Bordenkircher v. Hayes, supra*, 434 U.S. at 363. Harvey is in the same position as any other criminal defendant: if the defendant does not want to avoid trial, then he can have a trial.

More importantly, it is difficult to understand how the amount of the fine would make the statute unconstitutional. Harvey sought the issuance of a subpoena for the financial records of the District Attorney in an effort to show the relationship of the amount of the fine and the District Attorney's budget. That was quashed by the Louisiana Fourth Circuit. When discussing amounts, a statue cannot be *a little bit* unconstitutional because the fine is small, and on the other hand *very unconstitutional* because the fine is large. The question, at its core is: Is the District Attorney who issues a bill of information charging a violation of La. R.S. 14:71 biased because he or she has a financial interest in the outcome of the prosecution? The answer is No because neither the prosecutor, nor the prosecutor's office receive any amount of

money if the criminal defendant is convicted. This is precisely the conclusion reached by the Louisiana Fourth Circuit Court of Appeal.

## CONCLUSION

Harvey faces the consequences of having passed numerous worthless checks, namely, prosecution and possible conviction. R.S. 14:71. He has been offered an opportunity to not face trial and not face conviction, but finds this offer unacceptable. His remedy is not freedom from prosecution, which would be the effect of the issuance of a preliminary injunction granting a motion to quash. His remedy is, instead, trial.

Considering the facts and law and argument presented above, Harvey's Motion for preliminary injunction is without merit, and should be DENIED by this Court.

Respectfully submitted:


BY:   _/S/ FRED L. HERMAN_
      LAW OFFICES OF FRED L. HERMAN
      FRED L. HERMAN (Bar# 6811)
      THOMAS J. BARBERA (Bar# 18719)
      1010 Common Street, Suite 3000
      New Orleans, LA   70112
      Telephone: (504) 581-7068 / (504) 212-4161
      Telefax: (504) 581-7083

-13-

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 23, 2012, the above and foregoing has been served on all counsel of record by electronic filing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants in this case.

_____ /s/ FRED L. HERMAN _____

-14-