```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA

JOHN HARVEY                                       CIVIL ACTION

Versus                                            NO. 12-1187

LEON A. CANNIZZARO, JR.                           SECTION: "F"
```

ORDER AND REASONS

Before the Court is the plaintiff's motion for preliminary injunction.  For the reasons that follow, the motion is DENIED.

I. Background

This is a suit to enjoin a pending Louisiana state court criminal action against plaintiff, John Harvey.

On May 26, 2011, while gambling, Harvey is alleged to have given eleven worthless "markers" to Harrah's Casino in New Orleans, totaling $1.5 million.  Markers are an extension of credit, and are essentially "IOUs" given by Harvey to Harrah's. Later, on October 13, 2011, Harvey was criminally charged in a bill of information in Orleans Parish Criminal District Court with a violation of La. R.S. 14:71, which criminalizes the issuance of worthless checks.  Plaintiff alleges that prior to the filing of the bill of information, the Orleans Parish District Attorney's Office contacted him and said that he could either pay the outstanding $1.5 million due to Harrah's, plus an additional $300,000 penalty to the District Attorney under La. R.S. 16:15, or he would be prosecuted.  Plaintiff does not

specify when this alleged contact took place.  Harvey refused to pay, and the District Attorney's Office filed the bill of information against him.

Harvey moved to quash the bill of information in Orleans Parish Criminal District Court on November 7, 2011, arguing that the $300,000 penalty that the District Attorney demanded in return for nonprosecution violated his due process rights under the U.S. Constitution, and that the District Attorney's demand that he pay the fine in order to avoid prosecution constituted extortion.  At the same time, Harvey also filed in the Orleans Parish Criminal District Court a subpoena duces tecum, requesting the production of documents to show how much money the District Attorney's Office had collected from penalties pursuant to La. R.S. 16:15  over time, and what proportion of the Office's overall budget that amount constituted.

The District Attorney's Office opposed the motion to quash the bill of information, asserting that the challenge to the $300,000 penalty was moot.  The District Attorney argued that the Office only collected such penalties if the amount owing under a worthless check was paid through the District Attorney's Office before the institution of criminal proceedings.  The District Attorney went on to explain that if Harvey were acquitted at trial, then no amount of money would be collected at all, by anyone.  If, however, Harvey were convicted at trial, then the

court would collect the outstanding amount on the markers.  In that instance, however, the court would not have the power to levy the $300,000 penalty, because La. R.S. 16:15 specifically limits the power to assess such penalties to the District Attorney's Office.  Therefore, because criminal proceedings had already been instituted against Harvey, and because from that point forward the District Attorney's Office could not collect the penalty, the constitutionality of the $300,000 penalty was moot.  The trial court rejected the District Attorney's argument, and scheduled a hearing on the plaintiff's motion to quash the bill of information.  The District Attorney's Office appealed the trial court's refusal to deny the motion to quash the bill of information on December 20, 2011.

On February 2, 2012, the Louisiana Fourth Circuit Court of Appeal reversed the trial court, and denied Harvey's motion to quash the bill of information.  The Court of Appeals reasoned that Harvey had not paid the fine, and, pursuant to the representations of the District Attorney's Office, would not have to pay the fine whether he were acquitted or convicted at trial. Therefore, Harvey's challenge to La. R.S. 16:15 was held moot. On February 23, 2012, Harvey filed a writ application to the Louisiana Supreme Court, which application was denied, without comment, on April 20, 2012.

Harvey filed his lawsuit in this Court on May 10, 2012,

3

asserting a Title 42, United States Code, Section 1983 claim against the District Attorney for Orleans Parish.  Harvey also seeks attorney's fees pursuant to Title 42, United States Code, Section 1988.  Harvey asserts that the Louisiana state statute exacting the $300,000 penalty, La. R.S. 16:15, violates the due process clause of the U.S. Constitution, and that therefore the District Attorney's prosecution of him is unlawful.  Harvey asks the Court for a preliminary injunction, for declaratory relief, and for a permanent injunction.  On May 11, 2012, Harvey filed a motion for preliminary injunction, and set the motion for hearing on the Court's May 30, 2012 hearing date.  Harvey later requested oral argument on the motion, which request the Court initially granted and then, after further study, cancelled.

## II. Discussion

Harvey is charged in the bill of information with (and is being prosecuted for) a violation of La. R.S. 14:71, the statute entitled "Issuing worthless checks."  Section (c) of that statute provides:

> C. Whoever commits the crime of issuing worthless checks, when the amount of the check or checks is one thousand five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.

Harvey makes clear in his motion for a preliminary injunction that he has no objection to La. R.S. 14:71.  Instead,

Harvey is challenging the constitutionality of La. R.S. 16:15, which is titled "District Attorney's worthless check collection fee."  That statute provides:

> A.  A district attorney may collect a fee whenever his office collects and processes a check, draft, or order for the payment of money upon any bank or other depository, if the check, draft, or order for payment of money on any bank or depository:
> (1) Has been issued in a manner which makes the issuance an offense under R.S. 14:71.

The statute goes on to provide:

> C. The amount of the fee shall not exceed;
> (5) One hundred seventy-five dollars or twenty percent, whichever amount is greater, if the face amount of the check, draft, or order for the payment of money is greater than five hundred dollars.

The $300,000 penalty figure in this case is derived from the District Attorney's ability to assess a penalty that is twenty percent of the amount due, which in this case is $1.5 million.

Given the on-going state court proceedings, the Court abstains from exercising its jurisdiction pursuant to Younger v. Harris, 401 U.S. 37, 49-52 (1971).  As the United States Court of Appeals for the Fifth Circuit has observed, abstention under Younger "is generally deemed appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state court proceedings, whether of a criminal, civil, or even administrative character."  Louisiana Deb. And Lit. Ass'n v. City

5

of New Orleans, 42 F.3d 1483, 1489-90 (5th Cir. 1999). More recently, the Fifth Circuit elaborated:

> Under the rule set out by the United States Supreme Court in Younger v. Harris, federal courts must refrain from considering requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted. Younger v. Harris, 401 U.S. 37, 27 L. Ed. 2d 669, 91 S. Ct. 746 (1971); Doe v. The Order Desk, Inc., 1997 WL 405141, at *2 (N.D.Tex. July 14, 1997). On the same day that Younger was decided, the Court expanded the rule to apply to suits for injunctive relief. Samuels v. Mackell, 401 U.S. 66, 27 L. Ed. 2d 688, 91 S. Ct. 764 (1971) […] The Court then went on to name the most important source for the abstention doctrine it was enunciating, "Our Federalism." The Younger Court used this talismanic phrase to sum up "the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." Id.
>
> There is a three-prong test for determining whether the Younger abstention doctrine is applicable: (1) the dispute must involve an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. Wightman v. Tex. Supreme Ct., 84 F.3d 188, 189 (5th Cir. 1996).
>
> If this test is met, then a federal court may only enjoin a pending state criminal court proceeding if certain narrowly delimited exceptions to the abstention doctrine apply.

>    Specifically, courts may disregard the
>    Younger doctrine when: (1) the state court
>    proceeding was brought in bad faith or with
>    the purpose of harassing the federal
>    plaintiff, (2) the state statute is
>    "flagrantly and patently violative of express
>    constitutional prohibitions in every clause,
>    sentence, and paragraph, and in whatever
>    manner and against whomever an effort might
>    be made to apply it," or (3) application of
>    the doctrine was waived. Younger, 401 U.S. at
>    49; Trainor v. Hernandez, 431 U.S. 434, 446,
>    52 L. Ed. 2d 486, 97 S. Ct. 1911 (1977); De
>    Spain v. Johnston, 731 F.2d 1171, 1180 (5th
>    Cir. 1984).

Tex. Ass'n of Bus. v. Earle, 388 F.3d 515, 518-19 (5th Cir. 2004).

Having considered the factors mandated by the Fifth Circuit, the Court concludes that all three abstention factors are met, and that no exceptions apply. First, it is undisputed that there are ongoing state judicial proceedings in this case: the plaintiff asserts that his trial is coming up soon, although he does not specify when. Second, the state court criminal litigation implicates the State of Louisiana's ability to protect the State's businesses from receiving worthless checks, an undeniably important state interest. Third, the state proceedings have already afforded plaintiff a truly ample opportunity to raise his constitutional challenges to the penalty statute, La. R.S. 16:15. Although the Orleans Parish Criminal District Court did not hold a hearing on the merits of plaintiff's challenge, the Louisiana Fourth Circuit Court of

7

Appeal expressly found the question of the statute's constitutionality moot because of the District Attorney's representation that the penalty statute is inapplicable to plaintiff's case now that criminal proceedings against him have been instituted.  It applies only to the DA's collection process.  Although the plaintiff argues that the statute prevents him from securing a favorable resolution of his problems without formal prosecution, plaintiff invokes no law to suggest that he has a constitutionally protected interest in such an arrangement.  Plaintiff's objection to the statute has been explored by the Louisiana courts, and has been held to be a moot question.  Further, as defendant points out, the plaintiff still has the option of moving to disqualify the District Attorney's Office in the event that the plaintiff continues to feel the District Attorney has an improper financial motive in this case.  Nothing in the record suggests that the plaintiff has done so.

And finally, none of the exceptions to <u>Younger</u> abstention are applicable in this case.  There is no evidence that the prosecution was brought in bad faith, or with the purpose of harassing the plaintiff.  And nothing suggests that the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it."  Nothing of record suggests,

8

moreover, that the application of the <u>Younger</u> abstention doctrine has been waived.

Accordingly, IT IS ORDERED: the plaintiff's motion for preliminary injunction is DENIED and the Court declines jurisdiction of this case in view of ongoing state court criminal proceedings.

New Orleans, Louisiana, May 30, 2012.

_____

MARTIN L. C. FELDMAN

UNITED STATES DISTRICT JUDGE